**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **CORY SPEEDY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:18-CV-1892 |
| | ) |
| **ALL SEASONAL LAWNCARE, LLC** | ) |
| **d/b/a ALL SEASONS LAWNCARE** | ) |
| **and TRAVIS FORREST** | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Cory Speedy ("Speedy") brings this action against All Seasonal Lawncare, LLC d/b/a All Seasons Lawncare ("ASL") and Travis Forrest ("Forrest") (together "Defendants"), and shows as follows:

## OVERVIEW

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* and the Indiana Wage Payment Statute I.C. § 22-2-5 *et seq.* Defendants violated the FLSA by failing to pay Speedy the minimum wage required under federal law and by failing to pay Speedy the overtime premium required under federal law. Defendants violated Indiana law by failing to timely pay Speedy his earned wages.

## PARTIES

2. Speedy is an individual who resides in Madison County, Indiana. He was employed by Defendants within the meaning of the FLSA during the three-year period

prior to the filing of this Complaint. At all times hereinafter mentioned, Speedy was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

3. Forrest is an owner, member and/or officer of ASL. In this capacity, Forrest is involved in the day-to-day business operations of ASL. Forrest has the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues, including decisions regarding the minimum wage violations alleged in this Complaint. At all relevant times, Forrest acted and had responsibility to act on behalf of, and in the interests of, ASL in devising, directing, implementing and supervising the wage practices and policies relating to employees, including the minimum wage issues raised in this lawsuit. At all relevant times, Forrest was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

4. ASL is an Indiana limited liability company doing business in Madison County, Indiana. ASL acted, directly or indirectly, in the interest of an employer with respect to Speedy. ASL is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION

5. This Court has jurisdiction over Defendants because Speedy brings claims arising under federal law. This Court has supplemental jurisdiction over Speedy's Indiana state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

6. Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. § 1391.

## FLSA COVERAGE

7. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

8. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

9. At all times hereinafter mentioned, Speedy was an employee engaged in commerce or in the production of goods for commerce.

## FACTS

10. Defendants own and operate a landscaping business providing service in Madison and the surrounding counties in Indiana.

11. Defendants employed Speedy from approximately February 2018 to May 31, 2018 as a general laborer/grass trimmer.

12. During his employment, Defendants paid Speedy a base hourly rate of pay.

13. Speedy voluntarily terminated his employment with Defendants on May 31, 2018.

14. At the time Speedy's employment with Defendants ended, Speedy's hourly rate was $12.00 an hour.

15. Throughout his employment with Defendants, Defendants paid Speedy on a weekly basis. Defendants seven-day pay period runs from Thursday to Wednesday and Defendants usual and regular day for payment of wages is every Friday.

16. Speedy was not exempt from the minimum wage and overtime provisions of the FLSA.

17. At the time Speedy's employment with Defendants ended, Speedy was owed but has not received, payment of his earned wages.

18. At the time Speedy's employment ended, Speedy was owed payment for his last full pay period worked for Defendants.

19. Specifically, between May 24, 2018 and May 30, 2018, Speedy worked a total of 26 hours for Defendants. Defendants are required to have paid Speedy his earned wages for this period on or before June 1, 2018. As of the date of this filing, Defendants have paid Speedy no wages for his hours worked between May 24, 2018 and May 30, 2018.

20. Defendants have refused to pay Speedy his wages earned for his final full pay period.

21. By refusing to pay Speedy any earned wages for his 26 hours worked during his final pay period, Defendants did not pay Speedy the minimum wage required by the FLSA.

22. By refusing to pay Speedy all his earned wages for his final full pay period, Defendants have failed to timely pay Speedy his earned wages in accordance with Indiana law.

23. During Speedy's employment, Defendants, on at least one other occasion, failed to pay Speedy all earned wages for all his hours worked. Specifically, during one pay period, Speedy worked a total of 46 hours in a single workweek for Defendants. Rather than pay Speedy for all 46 hours he worked that pay period, Defendants paid Speedy for only 36 hours worked. As a result, Defendants have violated the overtime provisions of the FLSA as well as Indiana state law by failing to timely pay Speedy all earned wages.

## COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

24. Speedy hereby incorporates by reference Paragraphs 1-23 of this Complaint.

25. During the relevant time period, Defendants have violated and are violating the provisions of 29 U.S.C. §§ 206 by failing to comply with the minimum wage requirements of the FLSA.

26. During the relevant time period, Defendants have violated and are violating the provisions of 29 U.S.C. §§ 207 by failing to comply overtime requirements of the FLSA. Specifically, Defendants have failed to pay Speedy one and one-half times his regular rate of pay for all hours worked in excess of forty (40) in a single workweek.

27. Defendants acted intentionally, willfully, or with reckless disregard to the rights of Speedy as protected by the FLSA.

## COUNT II: FAILURE TO PAY WAGES IN ACCORDANCE WITH INDIANA CODE §§22-2-5 *et. seq.*

28. Speedy hereby incorporates by reference Paragraphs 1 – 27 of this Complaint.

29. During the relevant time period, Defendants have violated and are violating provisions of Indiana Code §§22-2-5 *et. seq.* by failing to timely pay Speedy's wages.

29. Defendants' refusal to timely pay Speedy his earned wages was in bad faith.

## PRAYER FOR RELIEF

WHEREFORE, Speedy respectfully requests that this Court enter judgment against Defendants and award relief as follows:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Speedy, in addition to liquidated damages equal in amount to the unpaid compensation due to Speedy;

b. An Order pursuant to I.C. §§ 22-2-5 *et. seq.* finding Defendants liable for unpaid earned wages due to Speedy, plus liquidated damages double in amount of the unpaid wages found due to Speedy;

c. An Order awarding Speedy costs of this action;

d. An Order awarding Speedy reasonable attorney's fees;

e. A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the minimum wage and overtime requirements of the FLSA;

f. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

s/Robert J. Hunt
Robert J. Hunt, (#30686-49)
The Law Office of Robert J. Hunt, LLC
1905 South New Market Street, Suite 220
Carmel, Indiana 46032
Telephone: (317) 743-0614
Facsimile: (317) 743-0615
E-Mail: rob@indianawagelaw.com


Attorney for Plaintiff